IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Merle E. Pheasant, Jr., et al., | Case Nos. 3:08 CV 1873 |
| | 3:08 CV 1874 |
| Appellants, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| Thomas S. Zaremba, | JUDGE JACK ZOUHARY |
| Appellee, | |
| and | |
| Susan M. Ello, | |
| Appellant, | |
| -vs- | |
| Thomas S. Zaremba, | |
| Appellee. | |

**PROCEDURAL BACKGROUND**

This appeal arose from two prior bankruptcy proceedings. The first, and ultimate underlying proceeding, is a case filed in August 2003 by Securities Investor Protection Corporation (SIPC) against Continental Capital Investment Services and Continental Capital Securities (Adversary Proceeding No. 03-3370). SIPC sought the issuance of a protective decree adjudicating that the customers of the Continental Capital entities were in need of protection under the Securities Investor Protection Act, 15 U.S.C. § 77aaa, et seq., and requested the appointment of a trustee to oversee the

liquidation. The District Court appointed Thomas Zaremba as Trustee, and referred the liquidation proceedings to the Bankruptcy Court.

The Trustee then filed a Complaint in August 2005 against Merle Pheasant, Jr., a former employee of the Continental Capital entities, to recover money and property (Adversary Proceeding No. 05-03322). The Trustee asserted claims for, among other things, turnover and accounting, avoidance of preferential and fraudulent transfers under the Bankruptcy Code, and the recovery of customer property. This proceeding against Pheasant is still pending before the Bankruptcy Court.

In March 2008, the Trustee filed a Complaint against Susan Ello (Adverary Proceeding No. 08-03058). This Complaint asserts that Pheasant fraudulently transferred over $700,000 to Ello during the pendency of the Trustee's adversary proceeding against Pheasant. The Trustee sought to enjoin Ello from encumbering or disposing of the alleged fraudulently transferred property until the Trustee's case against Pheasant has reached a final conclusion. The Trustee filed an Application for Preliminary Injunction with his Complaint.

Pheasant filed his Motion to Intervene and for Leave to Object to Motion for Injunction in April 2008. The Bankruptcy Court conducted a hearing on both the intervention issue as well as the merits of the preliminary injunction in June 2008. The Court then entered its Order Denying the Motion to Intervene and issued a Preliminary Injunction (Bankr. Doc. Nos. 37 & 39).

Both Pheasant and Ello now appeal these Bankruptcy Court Orders. Pheasant appeals the Court's decision denying his Motion to Intervene and his Motion for Leave to Object, and also provides arguments against the issuance of the preliminary injunction. Ello appeals the issuance of the preliminary injunction.

**FACTUAL BACKGROUND**

Pheasant and Ello are not married, but have been in a committed and exclusive romantic relationship since at least 2006. They keep their personal finances separate by, among other things, maintaining separate bank accounts and investments. In autumn 2006, Pheasant submitted the winning bid of $575,000 for a home located at 28747 East River Road, Perrysburg, Ohio. The ultimate purchase price, including auction and other fees, was $632,500. After submitting the winning bid, Pheasant deposited $632,500 in Ello's bank account. Pheasant is not a signer on this account, and has no power to withdraw funds from it. Ello then used this money to pay the purchase price for the River Road property and, at Pheasant's direction, titled the property solely in her name. Pheasant later paid another $75,000 to improve the River Road property. Ello has not paid or reimbursed Pheasant any portion of the money that Pheasant has invested in the property, where they currently reside together.

**JURISDICTION**

This Court has jurisdiction to hear appeals from final and interlocutory orders of the Bankruptcy Court. 28 U.S.C. § 158(a). Parties may appeal final orders as of right, while leave of the District Court is required for most interlocutory orders. *Id.*

The Court has jurisdiction over Ello's interlocutory appeal of the Bankruptcy Court's issuance of a preliminary injunction. 28 U.S.C. § 158(a)(3); *cf.* 28 U.S.C. § 1292(a)(1).

The issue of Pheasant's appeal is more troublesome. While his Motion to Intervene below only relies upon permissive intervention provided for by Civil Rule 24(b), during the course of the Bankruptcy Court hearing, counsel for Pheasant represented that his client was seeking intervention under *both* Civil Rules 24(a) and (b) (Hearing Transcript at p. 14). If Pheasant had only sought to

3

intervene under 24(b), this Court would likely not grant him leave to appeal. *See Burger Chef Sys., Inc. v. Burger Chef of Mich., Inc.*, 334 F.2d 926, 927 (6th Cir. 1964) ("If intervention was permissive only, denial thereof is not appealable unless the court abused its discretion. It could seldom, if ever, be shown that the trial court had abused its discretion in denying the permissive right to intervene." (*quoting* MOORE'S FEDERAL PRACTICE § 24.15)).

Because Pheasant raised intervention as of right, pursuant to Civil Rule 24(a), and the Bankruptcy Court discussed the merits of this argument during the hearing, this Court has jurisdiction over his appeal of the denial of his Motion to Intervene.

### INTERVENTION AS OF RIGHT

Civil Rule 24(a) entitles certain parties to intervene in a lawsuit as of right. The rule requires the intervention to either be unconditionally provided for by a federal statute, or that the moving party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Sixth Circuit has explained that the moving party must establish four elements in order to be entitled to intervene as of right. These elements are: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed interest." *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (*citing Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).

Motions to intervene as of right are reviewed *de novo*, except for the timeliness element, which is reviewed for an abuse of discretion. *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 344 (6th Cir. 2007). All four elements must be met in order for the proposed intervenor to establish he is entitled to intervene. *Coal. to Defend Affirmative Action*, 501 F.3d at 779.

Pheasant has failed to meet at least one of the four elements. He has failed to demonstrate he has a "substantial legal interest" in the River Road property.

The Sixth Circuit has held that "the proposed intervenors must show that they have a substantial interest in the subject matter of [the] litigation." *Grutter*, 188 F.3d at 398 (*citing Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990)). While it is true that the Sixth Circuit has "a rather expansive notion of the interest sufficient" to meet this element, that expansive notion has its limits, and it "does not mean that any articulated interest will do." *Coal. to Defend Affirmative Action*, 501 F.3d. at 780.

Pheasant argues that he has an interest in residing at the property (though titled in someone else's name) and has spent a considerable amount of money on the property, and this interest is sufficient under Rule 24(a). He also argues that because the Bankruptcy Court considered his habitation in the residence for the purpose of discussing the badges of fraud, it should also have considered habitation on the issue of substantial interest.

However, none of his proposed interests are cognizable "legal" interests. While Pheasant may reside at the property, he neither owns nor leases it. In the eyes of the law, he has the same "legal interest" in this property as he would in a friend's home where he stays *gratis* while visiting the friend. That is to say, he has no legal interest in the property.

5

While the Bankruptcy Court did consider Pheasant's current habitation of the River Road property in its discussion of the badges of fraud, a habitation that is allowed by the owner of a property (presumably at the will of the owner) is not equivalent to a sufficient legal interest. The Bankruptcy Court considered this in context with its discussion of one of the badges of fraud enumerated in Ohio's Uniform Fraudulent Transfer Act -- "whether the debtor retained possession or control of the property transferred after the transfer." R.C. § 1336.04(B)(2). Here, the Bankruptcy Court found that Pheasant's habitation in the home constituted "possession." Ello, who also lives in the home, is the owner of record, and therefore bears all rights, duties, and obligations that go along with owning this property. Pheasant has shown only that he is a guest living at his close personal friend's home.

Because Pheasant lacks a sufficient legal interest in the River Road property, the Bankruptcy Court properly denied his Motion for Intervention as of right.

### PERMISSIVE INTERVENTION

The Bankruptcy Court's Order regarding Pheasant's Motion to Intervene permissibly, under Rule 24(b), is difficult to disrupt. "The denial of permissive intervention should be reversed only for clear abuse of discretion by the trial judge." *Coal. to Defend Affirmative Action*, 501 F.3d at 784 (*quoting Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991)).

There is no evidence the Bankruptcy Court clearly abused its discretion. Pheasant essentially admitted that his interests could be protected by Ello: "I don't know if it's any different than what [Ello's Counsel] would do" (Tr. 15). The gist of Pheasant's argument is that in order for the Trustee to prove its case for a preliminary injunction, the Trustee would have to prove a likelihood of success *in the underlying action against Pheasant*; therefore, Pheasant should be able to intervene to challenge

6

any characterization of that case by the Trustee. This standard might be persuasive, were it the case. As will be further discussed below, the Trustee had to show a likelihood of success in its state law fraudulent transfer action against Ello, *not* in its underlying action against Pheasant.

### THE PRELIMINARY INJUNCTION

A court determining whether to issue a preliminary injunction must consider four criteria:

1. whether the movant has shown a strong or substantial likelihood of success on the merits;

2. whether the movant has shown irreparable injury;

3. whether the issuance of a preliminary injunction would cause substantial harm to others; and

4. whether the public interest would be served by issuing a preliminary injunction.

*N.A.A.C.P. v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *North Avondale Neighborhood Ass'n v. Cincinnati Metro. Hous. Auth.*, 464 F.2d 486, 488 (6th Cir. 1972). The standard of review for an appeal of an order granting or denying a motion for a preliminary injunction is whether the trial court abused its discretion. *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 260-61 (6th Cir. 1977).

The Bankruptcy Court here clearly addressed all four criteria during the course of the hearing on the matter. Ello argues on appeal that the Bankruptcy Court abused its discretion on two of the criteria: substantial likelihood of success and irreparable harm.

**LIKELIHOOD OF SUCCESS**

Consideration of the likelihood of success on the merits necessarily requires a discussion of the action the Trustee has brought against Ello. The Trustee has brought an action against Ello alleging that she received property in a fraudulent transfer under Ohio's Uniform Fraudulent Transfer Act, R.C. §§ 1336.01-1336.11. To succeed on the merits, the Trustee must prove: (1) the Trustee is a creditor of Pheasant (2) who transferred the River Road property (3) with intent to defraud the Trustee. Each will be discussed below.

(1) <u>Creditor</u> - The Ohio Uniform Fraudulent Transfer Act currently takes a very broad view of what can constitute a debtor-creditor relationship. A "creditor" is "a person who has a claim." R.C. § 1336.01(D). A "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. § 1336.01(C). A cause of action is a "claim," and an individual with such a "claim" is a "creditor" under the statute. *See Stein v. Brown*, 18 Ohio St. 3d 305, 308 (1985). While it is true the Trustee's action against Pheasant is unsettled and the Trustee's ultimate recovery is unknown, this contingency does not preclude a finding that the Trustee has a claim. In fact, the statute anticipates such unliquidated and contingent claims. R.C. § 1336.01(C). The Trustee is clearly a creditor of Pheasant, and has been since August 2005 when the Complaint was filed against Pheasant.

(2) <u>Transfer</u> - The transfer of the River Road property to Ello is not disputed on appeal, and all evidence clearly shows the property was, in fact, transferred.

(3) <u>Intent to Defraud</u> - As actual intent to defraud can very often be difficult to prove. Recognizing this, the statute provides that a court may infer intent to defraud by looking to "badges

8

of fraud." The statute itself provides an incomplete list of these badges and, of the listed badges, the Bankruptcy Court found at least five present in the instant case.[1] The Bankruptcy Court succinctly described the most problematic of these badges: "[T]he most critical facts . . . [are] that the transfer occurred after Pheasant had been sued[;] there was no reasonably equivalent value whatsoever for this transfer that has been demonstrated on the record[;] while the transfer was not to an insider, it was clearly made to a close personal friend[;] and Pheasant does retain the right to use or continue to live in the property" (Tr. 72-73).

While it may be true that some of these badges do not fit exactly into the statutory listing, the statute is explicitly not exhaustive.[2] For example, while someone with whom the transferor has a "close personal relationship" might not technically be considered an "insider" under R.C. § 1336.04(B)(1), the concern is the same -- that a transfer is being made to a party that will allow continuing use of the property for little or no consideration, or will ultimately return the property after the conclusion of the creditor-debtor relationship.

The Bankruptcy Court reasonably concluded that the badges of fraud weighed in favor of intent to defraud. Therefore, this Court finds there has been no abuse of discretion in finding a likelihood of success on the merits.

---

[1] The transfer was to someone with whom the transferor had a close personal relationship; the interest or transfer was concealed by titling the property only in Ello's name; the transfer occurred after the start of the creditor-debtor relationship; the transfer was seen as a concealment of Pheasant's assets; and Pheasant has received no consideration for the transfer (Tr. 65-70).

[2] "In determining actual intent under division (A)(1) of this section, consideration may be given to all relevant factors, *including, but not limited to*, the following . . ." R.C. § 1336.04(B) (emphasis added).

9

**IRREPARABLE HARM**

The second argument against the injunction is that the Bankruptcy Court wrongly found irreparable harm. If the River Road property were to be encumbered in some manner, or if it were to be disposed of to a bona fide purchaser, it is clear that the Trustee, if successful against Pheasant, would have a smaller asset pool. That is the irreparable harm this injunction seeks to prevent. Additionally, Pheasant may attempt to direct a sale of the property to place those assets further out of the reach of the Trustee.[3] While this may be the weakest of the four criteria supporting the preliminary injunction it is nonetheless present and supports the issuance of this injunction.

Additionally, no injury will result from this injunction. This is a preliminary injunction, and by its nature temporary. It merely preserves the status quo until the final determination of the Trustee's claim against Pheasant. Ello has not indicated any need or desire to encumber or dispose of the property. The Bankruptcy Court also made crystal clear during the hearing that should Ello require to encumber or dispose of the property in order to meet her financial needs, she is able to apply to the Bankruptcy Court to amend the injunction to do so (Tr. 79).

Finally, the public interest is served by the injunction. The Trustee is not a private party seeking to advance his own personal pecuniary interest. The Trustee in this case is a fiduciary appointed under federal statute seeking to protect the customers of the Continental Capital entities.

---

[3] While not necessary, it would have been helpful if the parties had provided statements regarding Pheasant's total assets so that the property proceeds could be viewed in the context of his overall financial worth.

**CONCLUSION**

The Bankruptcy Court's denial of Pheasant's Motion to Intervene is affirmed. The Bankruptcy Court's Order issuing a preliminary injunction prohibiting any disposal or encumbering of the River Road property is also affirmed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

December 16, 2008